CASE 39—PETITION ORDINARY—OCTOBER 1.

# Owens Brothers v. Lockwood.

### APPEAL FROM M'CRACKEN CIRCUIT COURT.

PLEADING—FERRY PRIVILEGE.—In this action by appellants to recover damages for an alleged disturbance of their ferry privilege, which they claim by virtue of a lease from the city of Paducah, the petition is fatally defective in that it does not allege that the city of Paducah ever acquired or had the exclusive ferry privilege claimed by plaintiffs. The statement that their ferry is an established ferry, and that they are now the owners of the ferry privilege and the right to collect tolls, &c., is but a conclusion of law.

SAM HOUSTON FOR APPELLANTS.

1. The ferry franchise claimed by appellants was granted to the city of Paducah, with power to lease it. (Session Acts 1836-7, page 148; Session Acts 1846-7, page 100; Session Acts, vol. 2, page 286; Session Acts 1871, vol. 1, page 155; Session Acts 1883-4, vol. 2, page 1080.)

2. The owner of a ferry has a cause of action against every intruder who carries in the line of the ferry, whether it be done directly or indirectly; and it is enough for the plaintiff to prove that he was in possession of a ferry at the time the cause of action arose to entitle him to maintain his action for the disturbance of it. (Trotter v. Harris, 2 Y. & J., 285; Peter v. Kendal, 6 B. & C., 703; Owens v. Roberts, 6 Bush, 608; 3 Kent's Com., side pages 458 and 459; Chitty's Blackstone, Book 3, side page 236; 1 Nott & McCord (S. C.), 387; Ferry Co. v. Barker, 2 Exch., 136; Newport v. Taylor, 16 B. Mon., 779; 7 Cal., 126; Blacketer v. Gillett, 9 C. B., 26; S. C., 1 L. M. & P., 88; 14 Jur., 814; Addison on Torts, 12; Day v. Stetson, 8th Maine; Taylor v. Wilmington, &c., R. R. Co., 4 Jones (N. C.), 277; Long v. Beard, 3 Murphy (N. C.), 57; 2 Iowa, 254.)

JOSIAH HARRIS FOR APPELLEE.

Brief not in record.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

This is an action by appellants to recover for an alleged disturbance of their ferry privilege by appellee. And the only question before this court

arises on the general demurrer to the petition and amended petition, which was sustained.

It is stated in the petition that appellants, as partners, are the owners of the ferry privilege and the right to transport passengers and things across the Ohio river, from Paducah, Kentucky, to the Illinois shore, and to collect tolls therefor, as stated in the lease of the city of Paducah of said ferry privilege to V. Owen in his life-time, to the exclusion of every other person, which lease was made in 1870 for the term of twenty years; that said Owens, in compliance with the terms of the lease, fitted up and furnished a substantial ferry-boat, and also procured the ferry privilege from the Illinois shore, and operated the ferry up to his death, after which event appellants, by purchase, acquired his ferry privilege, and have since operated the ferry.

They state further, that appellee has occupied a landing just above their ferry landing at the wharf in Paducah, and kept a great number of skiffs, which he has hired and continues to hire to persons desiring to cross the Ohio river, at the price of twenty-five cents for each skiff, and that one skiff will carry from five to ten persons, which makes the price of transportation greatly less than appellants can carry passengers at their rates; by which acts of appellee they say their ferry privilege has been unlawfully disturbed, and they have been damaged.

A fatal objection to the petition is, that it does not contain an allegation that the city of Paducah ever acquired or had the exclusive ferry privilege

now claimed by appellants. For, though it is not in terms stated that the city of Paducah did in fact lease the privilege to V. Owens, we are not authorized by the language of the petition to infer that he had or claimed any other right or interest than as mere lessee. And, of course, the interest appellants acquired by their purchase can be no other or greater than that of sub-lessees. To recover in this action, it is therefore indispensable for them to allege and show that the city of Paducah is the owner of the franchise.

Moreover, the lease referred to is not made part of the petition, nor can it be assumed, from any statement contained in it, that appellants in virtue of their purchase alone, and without the consent of the lessor, succeeded to all the rights of the original lessee.

The only statement in the amended petition not in the original, is that appellants' ferry is an established ferry. But it is not alleged how or by what authority it has been established. And even if the allegation amounted to more than a mere conclusion of law, it would not be equivalent to the necessary statement that the city of Paducah is invested with title to the franchise, or had the right to lease it to V. Owens.

Judgment affirmed.